# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| SHAVONN BRANSON, <br>     Plaintiff, <br><br> v. <br><br> ST. ELIZABETH SCHOOL OF NURSING, <br>     Defendant. | ) <br> ) <br> ) <br> )  CAUSE NO.: 4:15-CV-87-TLS-PRC <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on St. Elizabeth School of Nursing's Motion for a More Definite Statement [DE 9], filed on November 4, 2015. The motion is fully briefed and ripe for ruling.

Rule 12(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). In considering whether to grant a Rule 12(e) motion, a court's inquiry is guided by the federal pleading requirements. Pursuant to Federal Rule of Civil Procedure 8(a), a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Due to this liberal notice-pleading standard and the availability of extensive discovery, Rule 12(e) motions are disfavored. *See MacNeil Auto. Prods. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ill. 2010) ("Motions for a more definite statement should not be used to gain additional information, but, particularly in light of our liberal notice pleading requirement, should be granted only when the pleading is so unintelligible that the movant cannot draft a responsive pleading.") (quotations omitted). Rule 12(e) motions should not be used as a substitution for discovery. *Nikolic v. St. Catherine Hosp.*, No. 2:10-CV-406, 2011 WL 4537911, *6

1

(N.D. Ind. Sept. 28, 2011) (citing *MacNeil*, 715 F. Supp. 2d at 790). However, a "more definite statement is required in claims involving contracts when the 'defendants can only guess [as] to what conduct and contract(s) [an] allegation refers." *Defined Space, Inc. v. Lakeshore E., LLC*, 797 F. Supp. 2d 896, 898 (N.D. Ill. 2011) (quoting *Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg, Inc.*, 882 F. Supp. 713, 726 (N.D. Ill. 1995)).

In Count 4, Plaintiff asserts a claim of breach of contract under Indiana law:

> 53. Branson had a contract with the School, the terms of which are set forth in the Student Nurse handbook, Branson's enrollment application, her letter of acceptance, and other documents created by the School.
> 54. One term of Branson's contract provided that any student who "discontinued program studies for a full semester or more is regarded as re-entering the School of Nursing when resuming studies and will be held to the requirements current at re-entrance."
> 55. By applying an 80 percent minimum passing score to Branson's NU344 final, rather than the 75 percent score that was in effect at the time she returned to the program, the School breached that contract.
> 56. The School's actions in breaching the contract were intentional, willful, and in reckless disregard of Branson's contractual rights.
> 57. As a result, Branson has suffered, and continues to suffer, damages, including but not limited to, the value of her previously-paid tuition, delay in obtaining her nursing credentials, loss of future income, severe emotional distress, and attorney fees.

(Compl. ¶¶ 53-57).

Defendant seeks a more definite statement concerning Plaintiff's reference to the Student Nurse handbook, Branson's enrollment application, her letter of acceptance, and "other documents created by the School." Defendant argues that it cannot adequately respond to the allegation that its actions in breaching the contract were intentional, willful, and in reckless disregard of Branson's contractual rights without knowing which contractual rights Plaintiff claims were violated. (Compl. ¶ 56). Defendant reasons that Plaintiff's references to the documents in Paragraph 53 are not only vague and ambiguous but fail to identify the specific agreement and content on which Plaintiff's

breach of contract claim is based, including the year or date of the Student Nurse handbook, the specific provisions of the handbook relied upon, the terms of the "enrollment application" relied upon, or the terms of the "letter of acceptance" relied upon. Defendant also objects that it can only guess as to which "other documents" Plaintiff is referencing. Defendant asks the Court to order Plaintiff to identify the specific agreement and the content and terms relied upon by Plaintiff to form the alleged breach of contract.

The Court finds that Plaintiff has plead the elements of a contract claim with sufficient particularity to allow Defendant to reasonably prepare a response. These paragraphs are not unintelligible or vague, and Defendant need not guess as to what conduct and contract the allegations refer.

Defendant is on notice of the documents that Plaintiff alleges together form the contract that was allegedly breached and that Plaintiff is alleging a breach of the provision governing the minimum passing score. To the extent that there are "other documents" that may support the formation of the contract, Defendant can learn the identity of those documents during discovery. There is no indication from the allegations of the Complaint that the terms of the contract that form the basis of the alleged breach are contained in the "other documents." Defendant is on notice of the basis of the conduct that constitutes the alleged breach, namely that an 80 percent minimum passing score rather than a 75 percent minimum score was wrongly applied to Plaintiff.

Plaintiff's use of the words "one term" in Paragraph 54 is not vague. Plaintiff uses the words to indicate the term of the contract upon which she is relying. She is not, as Defendant suggests, referencing one of many other unidentified terms of the contract. If that were the case, she would have used a phrase such as "one of the terms."

Defendant further faults Plaintiff for not identifying the terms of the enrollment application and the letter of acceptance that Plaintiff alleges were breached. However, Paragraph 53 of Plaintiff's Complaint alleges that all of those documents together form the contract; Plaintiff is not alleging that each separate document is a contract that was breached.

As for Defendant's request that the year of the Student Nurse handbook be clarified, Defendant knows which years Plaintiff was a student. Thus, Defendant has sufficient knowledge to frame an answer to these allegations.

Accordingly, the Court hereby **DENIES** St. Elizabeth School of Nursing's Motion for a More Definite Statement [DE 9].

SO ORDERED this 24th day of November, 2015.

                                         s/ Paul R. Cherry
                                         MAGISTRATE JUDGE PAUL R. CHERRY
                                         UNITED STATES DISTRICT COURT